Good morning. May it please the court, counsel. My name is Amanda Skinner and I'm appearing on behalf of Mr. Joseph. I'd like to attempt to reserve three minutes for rebuttal. Your court failed to comply with the plain language of Rule 32H by failing to provide specific notice as to the grounds the court was contemplating for an increased sentence, and second, that the district court erred by failing to state reasons for the degree of the departure. With respect to our first issue, the plain language of Rule 32H entitled Mr. Joseph to specific notice as to the grounds that the district court was considering for an increased sentence in his case. Well, you don't dispute that he got notice. You just say it's not sufficient. Yes, Your Honor. At our first hearing, the district court stated that it was considering an increased sentence based on a variance for the offense conduct in this case, and the district court also had a discussion of Mr. Joseph's drug and alcohol, or drug issues, and whether the 500-hour drug and alcohol treatment program in the prison would be appropriate, but that that would require a 24-month sentence, and his guideline. Well, didn't he also say that I have to give counsel notice of a potential variance upward, and that's what I'm doing right now? Yes, Your Honor, and that was notice as to a variance. And what do we have here? This is a departure under criminal history from Category 4 to Category 6, and Rule 32, it's important because neither the PSR nor the government requested any sort of increased non-guideline sentence in this case. So we have that rule because when a district court is going to do something like this on its own, we need to have specific notice as to the ground on which the court is contemplating a departure. And so we did file a sentencing memo in this case, and I included, I was counsel below, and I did include a footnote that basically expressed some confusion as to what the district court was considering in terms of, you know, support for an increased sentence. While I did briefly address criminal history issues, I certainly would have filed a more targeted sentencing memo had the district court specifically stated that it was considering an increased sentence under representation of criminal history grounds. The only indication we were given at the first sentencing was a variance as to offense conduct, and perhaps an impermissible ground for an increase would have been to hold him in prison longer so he could receive drug and alcohol treatment. And so those were the stated reasons on the record. When we appeared for sentencing, the district court did not, and I'll move into that issue later, but just with respect to the notice issue, Your Honors, as I said, we would have filed a more specific targeted sentencing memo had we received specific notice as to the ground and... Your sentencing memo looks to me like you assumed that was one of two possible, of the two possible bases, the underrepresented criminal history, and you basically say so. I'm not sure, you didn't suggest in the sentencing memo that if you knew for sure you would have said more. I don't see that in the sentencing memo. It seems to me that you anticipated very clearly that it would be based on the underrepresented criminal history. And Your Honor, simply because we included some argument with respect to that, I still think that that doesn't cure the issue because what this court needs to review is the district court's notice. And... Perhaps would you, you don't indicate as far as I can see what else you would have said either here in your memo or in the, at the hearing, you also spoke quite extensively about the criminal history. What else was there that you, what would you have done had the district court given you that specific notice that you were asking for? If we knew that the district court was considering the multiple probationary sentences that Mr. which was a robbery that included Mr. Joseph having a knife, we would have attempted to get additional records on that case and also possibly call the clerk in that case. We did make an argument at the final sentencing hearing that that knife was not used as a weapon, it was used as a tool to open the cash register. I think that was important and so we certainly would have gathered more records and had more, tried to get a witness to come to the hearing. With respect to our second issue regarding the lack of explanation for the degree of the departure, the district court erred by failing to articulate any reasons to explain the jump from Category 4 to Category 6 and then the high-end sentence in Category 6. Without any explanation with respect to degree, the court, this court is deprived of the opportunity to review that degree of the departure to determine whether it was appropriate given the facts of this case. The government relies heavily on U.S. v. Robertson in their filings in this matter. Our case is distinguishable. In Robertson, basically the only justification for the increase in that case was pursuant to 4A1.3A2E. The defendant in Robertson had significant similar conduct for cases that did not receive points. That was really the only ground and so this court went through an analysis and said that even though the first three prongs of the plain error standard were satisfied, there was no relief to be had for Mr. Robertson in that case because there was sufficient basis in the record for this court to uphold the district court's ultimate sentence. In our case, we have a very convoluted record at the second sentencing. We have the issue of notice with respect to a variance for offense conduct and possibly to hold him longer for treatment but then at the final sentencing, the court went on to discuss Mr. Joseph's criminal history that did not receive points in addition to uncharged conduct and pending cases. Then the district court also discussed at the transcript of the second hearing on page 21 previous arrests and offense conduct factors on page 20 of that same transcript. The explanation that the court gave includes specific offense conduct in this case, 3553A factors, non-similar adult convictions that did not receive points and pending matters, one of which was dismissed at the time of sentencing. Because those were the reasons given for an increase, that satisfies one issue that the district court needed to cover but we have nothing in the record to explain the degree. The district court simply gave a throwaway line, this looks more like a six than a four. Did you object to the district court's failure to discuss the degree or the extent and did you argue for plain error in your brief on that point? Your Honor, we did not object specifically to the lack of explanation with degree for increase. The government argues that we should be subject to a plain error review. I think the general objection at the end of sentencing, I would argue that we did preserve the issue because the final sentence was the degree of the departure. I mean, it was an increase from four to six. The final sentence was based on that decision by the district court to criminal history. But even if this court follows a plain error standard, I do believe that we are still able to satisfy it, Your Honor. Although you didn't argue for it? That's correct. The reason that this court or that law requires some sort of explanation as to the degree of the departure is because to ensure fairness, integrity, and the public reputation of proceedings, this court and the public need to be able to look at a sentencing transcript and see why the district court chose an ultimate sentence. So we certainly have reasons here for why the court wanted to give an increase, but we don't have reasons for the amount of the increase. This would probably not be an acceptable argument in a case where someone was given just a one level increase. And while this court doesn't require a mathematically precise explanation of the degree, the fact is we have a degree here of going from four to six without any explanation as to why category five would have been sufficient. If the court had recited his burglary and forgery conviction, his child abuse conviction, his aggravated battery of a household member, his second degree robbery, his attempts, would that have sufficed? Had it been more particularly articulated? It certainly could have, Your Honor. And if the court had provided that explanation, then we could have objected. And I think that's the other reason for basically for this issue on appeal is that if the court gives an explanation and counsel below hears something that does not line up with the PSR or the facts of the case that the court cited, then you're basically triggered to make the objection there. You're being given a reason. It's almost like hiding the ball. Not on purpose, of course, but when you just pronounce a sentence and there's no explanation, counsel below is unable to understand why the court went, you know, to that specific sentence. And this court is unable to give us a meaningful review. And if you look at Mr. Joseph's prior convictions in the PSR, some of the uncharged conduct and the fact that one of the cases, one of the pending charges was dismissed, there may be permissible or impermissible grounds to support the degree of the departure in this case. And so it's important to know why the district court chose the degree that it did. Now, in the sentencing procedure that was used here, did the district court prior to imposing the sentence indicate what the specific sentence he was considering would be? Not at the first hearing, Your Honor. And I don't believe that the district court gave us a specific amount of time at the second hearing prior to pronouncing the sentence. Thank you. I'd like to reserve the remainder of my time for rebuttal. Good morning again. How's the microphone? May it please the court. Paige Messick for the Justice Department. Yes, Your Honor. We conceded that. What the district court said does not meet the standard that this court has set out for the explanation required of the degree of a criminal history departure. There's no dispute about that, and we also don't dispute that that error was plain. But what this case then hinges on in that second argument is prong three of plain error, that there is a reasonable probability that greater, more particular explanation would have resulted in a lesser sentence for the defendant here. And I would first point out that the defendant didn't even address this prong of plain error in the brief, which under the court's case law is the end of the road. But I will nonetheless address it here. That criminal history departure was solidly supported by evidence that was in the record, and the district court may depart where reliable information indicates that the defendant's substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will recidivate. There is plenty of such reliable information here. The court need only walk through Joseph's PSR to see it, which I can do here, but I don't have really anything to add to what I have said in the briefs. If you look at paragraph 26, 27, 28, those are residential burglary, aggravated assault with a deadly weapon, and robbery. Those convictions received no points. So they were stale, but they were nonetheless serious misconduct, which under the guidelines is a proper ground for departure. So if those weren't stale, they would have gotten two points each. Repeated lenient treatment is also another proper ground. The district court was surprised and expressed so on the record that those latter two sentences were merely probationary sentences. They were suspended by the New Mexico courts, and if they had not been suspended, they would have received three points each and also no longer been stale at that point. So just those points that on convictions that the district court expressed concern about could have given enough points to bring Joseph to a criminal history six. There's also the conviction for armed robbery in paragraph 32, which the district court said was very troubling. That conviction was uncounted because it was imposed on the same day in state court as another robbery sentence, even though the two robberies were separate. The guidelines recognize that as a ground for departure where you have a prior sentence of substantially more than one year, and this was three years here, imposed as a result of an independent crime committed on a different occasion. So the guidelines would support recognizing some underrepresentation for that too. There were also Joseph's two pending drug possession charges, and there were also some dismissed charges, one of which was an armed robbery involving a high-speed flight from law enforcement, which is similar adult conduct not resulting in a criminal conviction, which the guidelines also recognize as a ground for departure. So there are plenty of ways the district court could have said the right things about its concerns to explain the degree of departure from a category four to a six. If you look at the context here, the district court was obviously troubled by defendant's criminal history. The hearing ended with the district court saying, you know, your sentence could have been a lot longer. So there's no indication displayed there that the district court was interested in giving Mr. Joseph a lower sentence whatsoever. There's no reason to think that a longer explanation for the degree of the departure would have changed that at all. The other issue that Joseph brings up on appeal is regarding the sufficiency of the district court's notice that it intended to depart or that it was considering a departure on criminal history grounds. The district court did say that it was considering, based on his, quote, history, a higher sentence than what was contemplated in the guidelines, and noted that it was required to do so, which is only, there is only a requirement when a district court is considering a departure. That requirement doesn't exist for a variance. So that constitutes reasonable notice of the intended ground of departure. And indeed, it was received as reasonable notice. Counsel, in her sentencing memorandum, acknowledged the district court might be considering a departure on this ground, argued against it, argued against it again at sentencing. So that notice was given and received. There also couldn't be any plainness about any error that the district court may have committed here by not being extremely specific, because the rule doesn't require specific words. It requires reasonable notice, and that may be different based on the circumstances. So the rule itself can't convey exactly what the district court has to say. And defendants cited no case law to establish that notice of this sort is insufficient. And finally, this argument also fails on the third prong of plain error. There's no reasonable probability that the district court would have imposed a shorter sentence had it used more specific words to convey its intent to depart upward. If the court has no questions, then I'm happy to return the rest of my time. So we've got two cases that look an awful lot alike from the same judge, and the problem is lack of sufficient reasoning to support a sentence. That's right, Your Honor. Sometimes when you're an experienced prosecutor, you say something on the record like, could we have some more backup for this sentence, Your Honor, or something kind like that. Yes, Your Honor. That's a suggestion. I know you probably – did you try this case? I did not. Okay. I didn't, but that – That's okay. Duly noted, Your Honor. That's the type of thing that we convey to AUSAs often, and everybody in the heat of a hearing tends to forget those things at the end, but that is something we definitely need to be able to fight through. Yes, sometimes you can help the court and us. I'm very well with that. Sometimes you can help the district court and us. Absolutely, and that's something we will try to do better in the future. Thank you. Thank you. I'm glad the court touched on the similarities between this case and another case on the docket this morning. Obviously, we are appealing because it is a concern for our clients that we represent that we are not getting a sufficient detailed explanation with respect to a final sentence in a case, and certainly, defense counsel – you know, I was counsel below. I wish that I would have lodged a specific objection to the lack of support for the degree of the departure, but even under plain error, I do – I'm just curious, because this has happened over and over again, and we end up stuck in plain error or arguing about plain error. What is wrong with either the defense or the prosecution saying, excuse me, Your Honor, could you please be a little more specific on your reasons? Would that get the judge mad at you or something? No, Your Honor, and I can tell you that going forward after this case, I have made extremely exhaustive and specific objections. I thought – I was incorrect in my understanding of what I needed to do on behalf of my client. I thought a general objection to the specific sentence would have covered us to go on something other than plain error standard on this issue. I see now that we needed to make the specific objection, and certainly, going forward, we will do that. But again, I do think that we still satisfy plain error when there's no discussion at all to justify the degree of the departure, because that renders this court in a position where there is no opportunity for meaningful review. Yes, there may be some support in the record for different groupings of cases that the court may have been able to rely on to get Mr. Joseph to a Category 6, to justify a high-end sentence in that category. But this court is unable, I think, to confidently say that the district court was also not extending the sentence for an impermissible reason, which would have been to keep Mr. Joseph in custody to allow him to participate in the RDAP program. That was one of the reasons given on the record in the first sentencing hearing. That was one of the reasons that we addressed. At the first sentencing and the second, we argued heavily, please do not keep him in drug treatment. And so I think because we have that issue. But you don't raise Tapia with us. And isn't that case helpful? It is, Your Honor. And it's settled. I think that... You can't say that? That the district court can't rely on... You can't place someone in extended imprisonment so that they can obtain treatment? Solely for the... There can't be a basis for imprisonment. Yes, Your Honor. But yet the court did that here, right? Well, that's one of the arguments that we're making, is that the court... I don't see you citing Tapia. We did not cite Tapia, Your Honor. I'm simply saying that in the record of our first transcript hearing, the court gives that impermissible reason as... Well, didn't the court at the end still give that reason as one of the three? In the second hearing, yes, to consider allowing him additional time to do drug treatment. So I think because we have the lack of clarity with respect to the final sentence, and there's enough in the record that this court should be concerned as, or could be concerned as to the grounds for that final sentence, we can still satisfy a plain error. And we also have the issue of notice, which I just have a brief amount of time left and just wanted to urge the court not to adopt the government's argument that the word history should always put defense counsel on notice that the court is referring to criminal history. If you look at the sentencing transcript, I refer to my client's history in both the first and the second sentencing hearings, and I'm not talking about his criminal history. I'm talking about the abuse that he suffered as a child, the fact that he was able to graduate from high school. So that word, I think in and of itself, even when you look at the guidelines, history doesn't always mean criminal history. Thank you. Thank you. Thank you both for your arguments this morning. The case is submitted.